# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                         No. CR 16-0462 JB

DANIEL V. OLGUIN,

     Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Letter of David Olguin to the Court, (undated), filed November 2, 2017 (Doc. 38)("Olguin Letter"). Defendant David Olguin asks for a copy of his Judgement. <u>See</u> Olguin Letter at 1. According to Olguin, the Court determined that his sentence should run concurrently to any state sentence. <u>See</u> Olguin Letter at 1. Olguin requests a copy of his Judgment reflecting that determination. <u>See</u> Olguin Letter at 1.

The Court attaches four documents: (i) the Judgment, filed September 16, 2016 (Doc. 37); (ii) the letter of Michael V. Davis (Olguin's apparent counsel) to the Court (dated January 11, 2018), filed January 19, 2018 (Doc. 40); (iii) the Sentencing Minute Sheet, filed August 12, 2016 (Doc. 36); and (iv) the Sentencing Transcript (taken August 12, 2016), filed January 19, 2018 (Doc. 39). There was only one sentencing hearing.

Olguin is mistaken. The Court did not order his federal sentence to run concurrently to any state sentence. <u>See</u> Sentencing Transcript at 17:11-19:4. Moreover, no one requested that the sentences run concurrently. Perhaps Olguin will be satisfied when he reviews the Sentencing Transcript.

**IT IS ORDERED** that the requests in the Letter from David Olguin to the Court

(undated), filed November 2, 2017 (Doc. 38), are granted in part, and denied in part. Defendant

David Olguin's request for the Judgment, filed September 28, 2016 (Doc. 37), is granted. All

other requests for relief are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James D. Tierney
  Acting United States Attorney
Niki Tapia-Brito
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Michael V. Davis
Michael V. Davis, Attorney & Counselor at Law, P.C.
Corrales, New Mexico

     *Attorney for the Defendant*

David V. Olguin
United States Penitentiary Tucson
Tucson, Arizona

     *Pro se*

UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
**SENTENCING MINUTE SHEET**

| CR No. | 16-462 JB | | | | USA v. | **Olguin** | | |
|---|---|---|---|---|---|---|---|---|
| Date: | 8/12/16 | | | Name of Deft: | | **Daniel V. Olguin** | | |

| Before the Honorable | **James O. Browning** |
|---|---|

| Time In/Out: | **9:50 a.m./10:26 a.m.** | Total Time in Court: | **:36** |
|---|---|---|---|
| Clerk: | **K. Wild** | Court Reporter: | **M. Seal** |
| AUSA: | **Niki Tapia-Brito** | Defendant's Counsel: | **Michael Davis (Appointed)** |
| Sentencing in: | **ABQ** | Interpreter: | **N/A** |

| Probation Officer: | **Sandra Day** | | Sworn? | | Yes | | No |
|---|---|---|---|---|---|---|---|

| Convicted on: | X | Plea | | Verdict | | As to: | | Information | X | Indictment |
|---|---|---|---|---|---|---|---|---|---|---|
| Plea: | | Accepted | | Not Accepted | | Adjudged/Found Guilty on Counts: | **Count 1** | | | |
| Plea Agreement: | X | Accepted | | Not Accepted | | No Plea Agreement | Comments: | | | |
| Date of Plea: | **April 1, 2016** | | | | | PSR: | | Not Disputed | X | Disputed |
| PSR: | X | Court Reviewed PSR Factual Findings and USSG Calculations and Adopts as Its Own | | Evidentiary Hearing: | X | Not Needed | | | | Needed |

| Exceptions to PSR: | **see below** |
|---|---|

| **SENTENCE IMPOSED** | Imprisonment (BOP): | **37 months** |
|---|---|---|

| Supervised Release: | **3 years** | Probation: | | 500-Hour Drug Program |
|---|---|---|---|---|

| **SPECIAL CONDITIONS OF SUPERVISION** | | | | |
|---|---|---|---|---|
| | No re-entry without legal authorization | | | Home confinement for _____ months _____ days |
| | Comply with ICE laws and regulations | | | Community service for _____ months _____ days |
| | ICE to begin removal immediately or during sentence | X | | Reside halfway house **6 months** |
| X | Participate in outpatient substance abuse program | | | Register as sex offender |
| X | Participate in outpatient mental health program | | | Participate in sex offender treatment program |
| X | No alcohol or other forms of intoxicants | | | Possess no sexual material |
| X | Submit to search of person/property | | | No computer with access to online services |
| | No contact with victim(s) and/or co-Deft(s) | | | No contact with children under 18 years |
| | No entering, or loitering near, victim's | | | No volunteering where children supervised |
| | Provide financial information | | | Restricted from occupation with access to |
| | Grant limited waiver of confidentiality | | | No loitering within 100 feet of school yards |

| X | OTHER: |
|---|---|
| | --The Defendant must refrain from the use and possession of synthetic cannabinoids, commonly referred to as spice, or synthetic cathinones, commonly referred to as bath salts. |
| | --The Defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon. |
| | --The Defendant must participate in and successfully complete a community-based program which provides education and training in parenting. |
| | --The Defendant must not have any unwanted direct or indirect contact or communication with the |

victim, or go near or enter the premises where the victim resides, is employed, attends school or treatment, without the victim's consent.

| Fine: $ | 0.00 | Restitution:    $ | The Court finds the Mandatory Restitution Act of 1996 is applicable in this case. However, restitution has not yet been determined. Therefore, restitution will not be imposed. |
|---|---|---|---|
| SPA:    $ | 100.00 | Payment Schedule: | X | Due Immediately | | Waived |
| OTHER: | | | | | | |

| X | Advised of Right to Appeal | X | Waived Appeal Rights per Plea Agreement |
|---|---|---|---|
| X | Held in Custody | | Voluntary Surrender |
| X | Recommended place(s) of incarceration: | | The Court recommends FCI Safford, AZ, if eligible. |
| X | Dismissed Counts: | | Upon Court's inquiry, AUSA orally moves to dismiss Count 2 and represents will submit written motion and proposed form of order re: same at later time; Court grants. |

| OTHER COMMENTS | As to objections, seems since victim is not present to testify as to veracity of use of knife, inclined to sustain. AUSA has no argument re: same – informs did subpoena one of the officers, but he is not present at this time, but do not need to wait to see if he arrives. Court notes with that change OL is now 18/CHC IV/41-51 months. As to para. 27, defense counsel requests second sentence be stricken up until the semi-colon; AUSA does not oppose; Court orders PSR revised re: same. Upon Court's inquiry, AUSA orally moves for third level reduction based on acceptance and represents will submit written motion and proposed form of order re: same at later time; Court grants. Defense counsel addresses Court to include downward variance outlined in 11(c)(1)(C) agreement. Defendant allocutes. Court asks Defendant if he has any assets? Defendant represents he does not. AUSA addresses Court to include argument in support of downward variance outlined in 11(c)(1)(C) agreement. Court accepts plea agreement. Defense counsel requests recommendation to FCI Safford, AZ; USPO informs appropriate; Court recommends same. Defense counsel requests that as to condition no. 8 - re: no contact with victim, that the Court consider they have children together – does victim need to contact USPO to let Court know she is okay with contact? Court suggests could modify to prevent "unwanted" contact, but that could be subject to dispute; defense counsel amenable to said change - suggests if problem can be addresses w/USPO; AUSA amenable to modifying as Court has suggested – informs victim has been provided w/USPO's contact information; Court concerned sentence does not make sense with change – revises as reflected above; counsel and USPO fine with change. Upon Court's inquiry, AUSA orally moves to dismiss Count 2 and represents will submit a written motion and proposed form of order re: same at later time; Court grants. |
|---|---|

AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

UNITED STATES OF AMERICA
V.

**DANIEL V. OLGUIN**

### Judgment in a Criminal Case

(For Offenses Committed On or After November 1, 1987)

## Case Number:  **1:16CR00462-001JB**
USM Number:  **85904-051**

Defense Attorney:  **Michael Davis, Appointed**

### THE DEFENDANT:

☒  pleaded guilty to count(s) **1 of Indictment**

☐  pleaded nolo contendere to count(s)  which was accepted by the court.

☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 113(a)(6) | Assault Resulting In Serious Bodily Injury, Crime in Indian Country, 18 U.S.C. Sec. 1153 | 12/19/2015 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .

☒  Count  **2**  is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**August 12, 2016**

Date of Imposition of Judgment

**/s/ James O. Browning**

Signature of Judge

**Honorable James O. Browning**
**United States District Judge**

Name and Title of Judge

**September 28, 2016**

Date Signed

AO 245B (Rev 12/10) Sheet 2 - Imprisonment                                                                Judgment - Page 2 of 5

Defendant: **DANIEL V. OLGUIN**
Case Number: **1:16CR00462-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 months**.

**For the reasons stated on the record at the sentencing hearing held August 12, 2016, the Court varies downward.**

☒ The court makes the following recommendations to the Bureau of Prisons:
    **Safford Federal Correctional Institution, Safford, Arizona, if eligible**

☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:
        ☐    at  on
        ☐    as notified by the United States Marshal.
☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        ☐    before 2 p.m. on
        ☐    as notified by the United States Marshal.
        ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this Judgment.

                                                              _____

                                                              UNITED STATES MARSHAL

                                                              By _____
                                                              DEPUTY UNITED STATES MARSHAL

Defendant: **DANIEL V. OLGUIN**
Case Number: **1:16CR00462-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years .**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒  The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).

☐  The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☒  The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

Defendant: **DANIEL V. OLGUIN**
Case Number: **1:16CR00462-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.

The defendant must participate in and successfully complete a community-based program which provides education and training in parenting.

The defendant must refrain from the use and possession of synthetic cannabinoids, commonly referred to as spice, or synthetic cathinones, commonly referred to as bath salts.

The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the probation officer.

The defendant must reside at and complete a program at a Residential Reentry Center approved by the probation officer for a period of  6  months.

The defendant must participate in and successfully complete an outpatient substance abuse treatment program approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.

The defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The defendant must submit to a search of the defendant's person, property, or automobile under the defendant's control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms and ammunition, alcohol, illegal substances and other contraband at the direction of the probation officer. The defendant must inform any residents that the premises may be subject to a search.

The Defendant must not have any unwanted direct or indirect contact or communication with the victim, or go near or enter the premises where the victim resides, is employed, attends school or treatment, without the victim's consent.

Defendant: **DANIEL V. OLGUIN**
Case Number: **1:16CR00462-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | **$100.00** | **$0.00** | **$0.00** |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☒     In full immediately; or

B     ☐     $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Court finds the Mandatory Restitution Act of 1996 is applicable in this case. However, restitution has not yet been determined. Therefore, restitution will not be imposed.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

1            IN THE UNITED STATES DISTRICT COURT

2             FOR THE DISTRICT OF NEW MEXICO

3   UNITED STATES OF AMERICA,

4                    Plaintiff,

5      vs.            NO:  16-CR-00462-JB

6   DANIEL V. OLGUIN,

7                    Defendant.

8

9       Transcript of Sentencing before The Honorable

10  James O. Browning, United States District Judge,

11  Albuquerque, Bernalillo County, New Mexico,

12  commencing on August 12, 2016.

13

14  For the Government:  Ms. Niki Tapia-Brito

15  For the Defendant:  Mr. Michael V. Davis

16

17

18

19

20

21        Mary Abernathy Seal, RDR, CRR, NM CCR 69
                   Bean & Associates, Inc.
22        Professional Court Reporting Service
          201 Third Street, Northwest, Suite 1630
23            Albuquerque, New Mexico 87102

24

25

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1              THE COURT:  Good morning everyone.  The
 2  Court will call United States of America versus
 3  Daniel V. Olguin, criminal matter number
 4  16-CR-00462-001-JB.  Counsel will enter their
 5  appearances.  For the government.
 6              MS. TAPIA-BRITO:  Good morning, Your
 7  Honor.  Niki Tapia-Brito on behalf of the United
 8  States.
 9              THE COURT:  Ms. Tapia-Brito, good morning
10  to you.
11              And for the Defendant.
12              MR. DAVIS:  Good morning, Judge.  Michael
13  Davis on behalf of Mr. Olguin.
14              THE COURT:  Mr. Davis, good morning to
15  you.  Mr. Olguin, good morning to you.
16              Mr. Olguin, have you reviewed the
17  presentence report and the addendum to the
18  presentence report that probation has prepared in
19  your matter?
20              THE DEFENDANT:  Yes, sir, I have, Your
21  Honor.
22              THE COURT:  And Mr. Davis, have you
23  reviewed the presentence report and the addendum
24  with Mr. Olguin?
25              MR. DAVIS:  I have.
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

3

```
 1            THE COURT:  I notice you had two factual
 2  objections to the PSR, but they do impact the
 3  guideline range for the sentencing calculated.
 4  Other than those two objections, any other
 5  objections, disputes with the PSR?
 6            MR. DAVIS:  No, Your Honor.
 7            THE COURT:  Here are my thoughts after
 8  reviewing objections.  It seemed to me that
 9  probation based its two enhancements entirely upon
10  the victim's statements.  Here without the victim
11  being present, not being able to assess credibility,
12  it's just a bit of a swearing match without any
13  swearing as to how to determine the truth for that.
14  I would be inclined, unless the United States wants
15  to pursue those matters, to sustain both objections,
16  find that the United States has not shown by a
17  preponderance of the evidence either one of those
18  enhancements apply, and then recalculate the
19  guideline range at the lower range.
20            Ms. Tapia-Brito, anything you want to say
21  on those two issues?
22            MS. TAPIA-BRITO:  No, Your Honor, the
23  Government, in case the Court wished to hear
24  testimony, had subpoenaed one of the officers.  He
25  is not present at this time.  But it does seem
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    reasonable to the United States, and the United

2    States is urging the Court to accept the plea

3    agreement, and so we are fine with the Court

4    proceeding in that manner.

5         THE COURT:  You want to wait until your

6    officer arrives?  I started a little early.  But do

7    you want to wait until he arrives and take up those

8    objections at that point?

9         MS. TAPIA-BRITO:  No, Your Honor, the

10   victim is not present to testify, as you know, and

11   so we would have to rely on the officer and a few

12   photos, and to be frank with the Court, as I have

13   been with Mr. Davis, the photos which relate to the

14   allegation of the use of a knife show very little,

15   and that knife was not recovered, so the

16   Government -- the strength of the Government's

17   evidence is minimal.

18        THE COURT:  All right.  I assume you have

19   no problem with me handling it that way, Mr. Davis?

20        MR. DAVIS:  No, sir.

21        THE COURT:  All right.  So I will then

22   sustain the objections to the -- let me be precise

23   here and get the exact -- the four-level enhancement

24   for holding a knife to the victim's throat.  That's

25   objection number 1.  And that will mean that that

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   four-level enhancement that is in paragraph 24

2   becomes zero.  And then I sustained the three-level

3   enhancement for attempt to strangle.  That's

4   paragraph 26.  That becomes zero.  So that does

5   seven.

6          Paragraph 21 -- excuse me, paragraph 30

7   becomes 21.  And then the three-level enhancement --

8   or reduction for acceptance of responsibility makes

9   the offense level 18, and with a criminal history

10  category of 4, the guideline range becomes 41 to 51;

11  is that correct, Mr. Davis?

12         MR. DAVIS:  That is correct, Judge.  But I

13  need to note something else for the record.  And I

14  just noticed, I'm sorry, Judge, paragraph 27, he

15  gets a victim-related adjustment, which we don't

16  object to, but I note that the victim-related

17  adjustment really is, they add a part of it that we

18  do object to.  The first -- this is paragraph 27.

19  It says, "The victim was physically restrained in

20  the course of the offense by the Defendant sitting

21  and straddling her."  We have no objection to that.

22         But we do have objection to the second

23  part of that, which is, "In addition, in a separate

24  encounter during the course of the offense, he held

25  a knife to her neck and was threatening to kill

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  her."

2          We don't have a problem with the

3  victim-related adjustment.  We just have a problem

4  with that language.  I'd have ask that that be

5  stricken from the presentence report.

6          THE COURT:  This is paragraph 27, and so

7  just take out -- leave the first sentence in, maybe

8  just put after "her," in that first sentence, put a

9  semicolon, and put "therefore two levels are added."

10  Is that what you're trying to do, Mr. Davis?

11          MR. DAVIS:  That's correct, Judge.

12          THE COURT:  Any objection to that,

13  Ms. Tapia-Brito?

14          MS. TAPIA-BRITO:  No, Your Honor.

15          THE COURT:  So we'll make those changes as

16  well.

17          MR. DAVIS:  And I only raise that, Judge,

18  because I don't know how BOP will try to classify

19  him, and that language made for that classification

20  at some point.  So in an abundance of caution, I

21  thought I'd put that on the record.

22          THE COURT:  All right.  And

23  Ms. Tapia-Brito, does the United States move for the

24  third level of adjustment downward for acceptance of

25  responsibility?

SANTA FE OFFICE                                              MAIN OFFICE
119 East Marcy, Suite 110                                    201 Third NW, Suite 1630
Santa Fe, NM 87501                                           Albuquerque, NM 87102
(505) 989-4949                                               (505) 843-9494
FAX (505) 843-9492                                           FAX (505) 843-9492
                                                             1-800-669-9492
                                                             e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

```
 1              MS. TAPIA-BRITO:  I do, Your Honor, and
 2    I'll submit the paperwork.
 3              THE COURT:  I assume there's no objection
 4    to that, Mr. Davis?
 5              MR. DAVIS:  No, Judge.
 6              THE COURT:  All right.  So I have
 7    confirmed the offense level and criminal history and
 8    the guideline range.  However, under Rule
 9    11(C)(1)(c) of the Federal Rules of Criminal
10    Procedure, the parties have presented the Court with
11    a plea agreement which includes a specific sentence
12    of 37 months.  So in your remarks -- and I have
13    certainly read both the Defendant's sentencing
14    memorandum and objections as well as the United
15    States' sentencing memorandum.  But any other
16    remarks you want to say to justify the variance that
17    the plea agreement calls for, Mr. Davis, if you wish
18    to speak on behalf of Mr. Olguin?
19              MR. DAVIS:  Thank you, Judge, and he would
20    like to give a brief statement.  But did the Court
21    receive the three letters that I submitted, I filed,
22    I think it was on Wednesday?
23              THE COURT:  I did receive the letters from
24    the aunt, the sister, and then -- I guess two aunts
25    and the sister; is that the one --
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1              MR. DAVIS:  That's correct.

 2              THE COURT:  -- that came in on August 10?

 3              MR. DAVIS:  And I note those because he

 4   has very strong family support.  Judge, we ask the

 5   Court to accept a 37-month agreement in the case.  I

 6   can tell you that Ms. Tapia-Brito and I carefully

 7   negotiated this case.  It was based on a variety of

 8   factors.  The most important thing I think that

 9   factored into the case was Anne Marie Armijo's

10   position with regard to the case.  As I think I

11   indicated, I actually met with her and my

12   investigator early on in the case, because I was

13   interested in knowing her position with just this

14   particular issue.  And I found her to be much

15   similar to Mr. Olguin, well-educated, outgoing, very

16   approachable, understood what was going on, and she

17   was adamant that she wanted to keep the family unit

18   together, that she and Daniel both have severe

19   alcohol problems.

20              I didn't realize she was going to be

21   leaving and I haven't been able to reach her.  I was

22   actually hoping to have her here for sentencing for

23   my own purposes for Mr. Olguin so she could express

24   to the Court her desire to continue to have him in

25   her life despite the fact that she feels that the
```

SANTA FE OFFICE                                                    MAIN OFFICE
119 East Marcy, Suite 110                              201 Third NW, Suite 1630
Santa Fe, NM 87501                                      Albuquerque, NM 87102
(505) 989-4949                                                    (505) 843-9494
FAX (505) 843-9492                                        FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1-800-669-9492
e-mail: info@litsupport.com

1  37-month sentence is an appropriate prison sentence

2  to provide him some punishment, because obviously,

3  his actions here go way beyond anything that would

4  be considered closely being acceptable.  So there

5  was that issue.

6          I'd also note, Judge, he got hit with a

7  pretty heavy enhancement.  He got a five-level

8  enhancement for the injuries to her, which kicked up

9  his guidelines considerably.

10          And then, of course, the Court should take

11  into account the fact that he's not eligible for

12  RDAP because of the nature of the offense, so there

13  won't be any reduction in his offense based on his

14  participation in treatment, although he -- and he'll

15  address this when he talks to you, Judge -- he wants

16  to have the treatment desperately.

17          He's got considerable family support.  I

18  think the letter from both his aunts kind of sets

19  forth his family.  He's got a very extended family.

20          Just my brief thoughts on Mr. Olguin,

21  because I have met with him several times.  I have

22  been struck with him -- over the years I have

23  represented a lot of individuals from the

24  reservation, various reservations, and it was hard

25  to read the reports and try to see the man that was

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   next to me when I was talking to him, because he

2   seems very, very nice; he's been very respectful to

3   me; he's never once blamed anybody else for his

4   situation.  He knows he has a drinking problem.  He

5   knows he's to be punished.

6           And one of the things that I think

7   Ms. Tapia-Brito and I were impressed by, early on in

8   the case, we had negotiated a plea, Judge, fairly

9   quickly in the case.  So that was kind of beyond us.

10  It was simply a matter of the dispositional phase,

11  and working with Mr. Olguin regarding his alcohol

12  problems, just kind of counseling him, because I

13  dealt with lots of alcoholics in my life.

14          But I'm going to turn it over to him and I

15  think he has some things he'd like to tell the

16  Court.

17          So go ahead.

18          THE DEFENDANT:  Your Honor, I just want to

19  start by saying that I want to apologize to the

20  victim for emotional and physical pain and

21  suffering, to her family, to my family, to our

22  children, and to everybody that is involved in the

23  case, including defense, prosecution, yourself, and

24  the investigators for having to put some sort of

25  effort into something that I did because of my

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  actions.  And I know I disappointed a lot of people,

2  especially my family and her family, and most of all

3  the trust between us.  And time -- it's going to

4  take a lot of time to heal that between everybody,

5  and I would like to use that time to better myself,

6  to get some domestic relations education and see how

7  things like this can be avoided just based on anger.

8          And when you put alcohol into such things,

9  it's hard to avoid because I was going through a

10 lot.  Just a brief summary of what I was going

11 through in my life at the time.  I had been in a

12 six-month inpatient treatment program and during

13 that time, my mother passed away when I was close to

14 the end of completing the program.  And I came home

15 and, you know, I found out a lot of things.  She was

16 being unfaithful.  And I forgave it all, and we

17 tried to work past it.  And five days back in

18 treatment after I buried my mom, she was with

19 someone else again.  And again, I don't -- I'm not

20 trying to place blame on anybody or take the blame

21 away from myself, but it was really devastating to

22 me to know that the person that supported me the

23 most in my time of need when my mother had just

24 passed away -- that she was out with somebody else.

25 And my mental state of mind wasn't stable because of

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   that, and we did our best to work past it.

 2            And I did some counseling before I came

 3   home, and I came home and we -- we were doing good.

 4   We were both working, and had a good job, our kids

 5   were happy, and when the alcohol abuse started

 6   again, that's when everything started to come out.

 7   It was kind of like chipping a piece of paint.  It

 8   kept eating away at me and eating away at me, and

 9   when I bottled it up is when it all happened.

10            And I apologize enormously to everybody,

11   to everybody involved in this, because my life right

12   now in its current state of inertia is just -- it's

13   overwhelming, because I don't -- I don't have any

14   control over my life for the next period of so many

15   years until I can -- until I can get my relationship

16   back with my family and mend everything between her

17   family and our children, our friends.

18            And I want my life back.  And I know

19   that's going to take some time to fix, and it's

20   going to take some effort.  But it's something to

21   work for.  It's not completely gone.  It's never too

22   late.  And I just want to get some counseling and

23   use my time to better myself along the way.

24            THE COURT:  Thank you, Mr. Olguin.  Do you

25   have any assets?  I noticed you had a checking
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    account without any sort of balance next to it.  Do

2    you have any assets?

3              THE DEFENDANT:  No, I don't have any

4    assets, Your Honor.

5              THE COURT:  Okay.  All right.

6              Anything else, Mr. Davis?

7              MR. DAVIS:  No, Judge.

8              THE COURT:  All right.  Thank you,

9    Mr. Olguin, Mr. Davis.

10             Ms. Tapia-Brito?

11             MS. TAPIA-BRITO:  Thank you, Your Honor.

12   Mr. Davis is correct that we have carefully crafted

13   this plea agreement based on the nature of the

14   evidence that we had and the injuries in this

15   particular case, our discussions with the victim in

16   this case.

17             This was a very serious matter.  I think

18   this particular couple has been struggling both with

19   alcohol addiction and they have had an ongoing

20   relationship that has involved domestic violence for

21   a long time.  It has become the norm for them, and

22   it's clear from the criminal history and judgments

23   in the past that Mr. Olguin has been sent to anger

24   management, he's been sent to domestic violence

25   counseling.  It's been something that the tribe has

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  been trying to address and I think that the parties,

2  the victim, the Defendant, have been trying to

3  address.  But the alcohol is a significant issue

4  here.

5           The victim in this case, Judge -- we have

6  consulted with her and she maintains contact with

7  our victim advocate, even while she's in treatment

8  out-of-state.  She felt that this plea agreement was

9  fair.  I think she was alarmed by the level of

10 violence that occurred in this particular instance.

11 You know, she did have to seek medical treatment.

12 She was, I think, surprised by how out of control

13 things became.

14           All in all, Your Honor, when I look at

15 this case and at any case, I recognize that she

16 wanted to seek treatment early and that there was a

17 great possibility that she would be unavailable come

18 trial.  And I looked at the substantive evidence

19 that we would be able to present in court, and I

20 drafted both my indictment and the plea agreement

21 based on what we believed we could substantiate.

22 When she sought treatment in this particular case,

23 unfortunately, she did not discuss strangulation,

24 she did not discuss the use of a knife.  There was

25 no substantive evidence to support those allegations

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  from a previous incident the day prior to the matter

2  the Defendant has pled to.

3          So I think that the plea agreement is a

4  fair bargain.  Both parties are not 100 percent

5  satisfied with what they have received, but this

6  provides an opportunity for the victim to continue

7  in her treatment; it provides punishment and

8  deterrence for Mr. Olguin himself.  He, I think at

9  this point in time, has an opportunity to take

10 treatment seriously and as far as contact with the

11 victim, we have had different sorts of information

12 as to whether or not she wishes to maintain a

13 relationship with Mr. Olguin and whether or not she

14 wants contact.  That changes at times.  Early when

15 we were negotiating the plea agreement, she did, in

16 fact, want contact and she did, in fact, state that

17 she wanted to see her family together, she wanted

18 to, you know, have her children have a relationship

19 with their father.  So I would just ask that with

20 regard to contact, that that be no unwanted contact

21 and that probation help make that determination as

22 to whether or not it's appropriate.  So I just urge

23 the Court to accept the plea agreement at this time.

24          THE COURT:  On the incidents in the past

25 between Mr. Olguin and the victim, were there ever

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   any instances of domestic violence that didn't
 2   involve alcohol?
 3            MS. TAPIA-BRITO:  No, sir.
 4            THE COURT:  All right.  All right.
 5   Anything else, Ms. Tapia-Brito?
 6            MS. TAPIA-BRITO:  No, Your Honor.
 7            THE COURT:  Thank you, Ms. Tapia-Brito.
 8            All right, I'll now state the sentence,
 9   but the attorneys will have the final chance to make
10   legal objections before sentence is imposed.
11            The Court adopts the presentence report
12   factual findings.  The Court has sustained two
13   objections that were both factual and related to the
14   sentencing guideline application.  So with those
15   changes that the Court has sustained, the Court will
16   adopt the PSR factual findings as its own.
17            The Court has also considered the
18   sentencing guideline applications, and again after
19   sustaining two and really three -- one is factual --
20   the Court will adopt those applications as its own.
21            The Court has also considered the factors
22   set forth in 18 U.S.C. section 3553(a) 1 through 7,
23   and I'll discuss those in more detail in a moment.
24            As I indicated a moment ago, the offense
25   level is 18 and the criminal history category is 5,
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    establishing a guideline imprisonment range of 41 to

2    51 months.  However, under Rule 11(C)(1)(c) of the

3    Federal Rules of Criminal Procedure, the Court

4    accepts the plea agreement, which includes a

5    specific sentence of 37 months, as the Court is

6    satisfied that the agreed sentence is justified.

7            The Defendant assaulted Jane Doe over the

8    course of two days.  He restricted her from leaving

9    her -- well, it made some changes to that.  But in

10   any case, she was injured during the assault.

11           The Court has, as I think this record will

12   reflect, carefully considered the guidelines but in

13   arriving at its sentence the Court has taken into

14   account not only the guidelines but other sentencing

15   goals.  Specifically, the Court has considered the

16   guideline sentencing range established for the

17   applicable category of offense committed by the

18   applicable category of defendant.

19           After careful consideration of the PSR and

20   also the briefing of the two parties as well as

21   letters from family members and arguments here in

22   court today, the Court concludes that the punishment

23   that's set forth in the guidelines is not

24   appropriate for this sort of offense.  I then have

25   considered the kinds of sentence and range

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   established by the guidelines and the Court agrees

2   with the parties that a sentence of 37 months is

3   adequate but also necessary to reflect the

4   seriousness of the offense, promote respect for the

5   law, provide just punishment, afford adequate

6   deterrence both at a specific and general level,

7   protect the public.  I realize it is a variance from

8   the guideline range, but I think the parties have

9   justified it, so I think it avoids unwarranted

10  sentencing disparities among defendants with similar

11  records who have been found guilty of similar

12  conduct.

13          And because the Defendant will be placed

14  on supervised release, I think the sentence fully

15  and effectively provides the Defendant with some

16  needed education and training and care to help him

17  overcome the problems that have led us to this

18  point.  In sum, I think the parties have presented

19  the Court with a sentence that fully and effectively

20  reflects each of the factors embodied in 18 U.S.C.

21  section 3553(a).  The Court believes the proposed

22  sentence is reasonable and that the sentence is

23  sufficient without being greater than is necessary

24  to comply with the purposes of punishment set forth

25  in the Sentencing Reform Act.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          Therefore, as to Count 1 of indictment

2   1:16-CR-00462-001-JB, the Defendant, Daniel V.

3   Olguin, is committed to the custody of the Bureau of

4   Prisons for a term of 37 months.  The Defendant is

5   placed on supervised release for a term of three

6   years.  The Defendant must comply with the standard

7   conditions of supervision and follow the mandatory

8   conditions.

9          First, the Defendant must cooperate in the

10  collection of DNA as directed by statute.

11         Second, the Defendant must participate in

12  an approved program for domestic violence

13  prevention.

14         The following special conditions will also

15  be imposed.  I'm going to state three of them, and

16  then I'll get the justification for those.  First,

17  the Defendant must participate in and successfully

18  complete an outpatient substance abuse treatment

19  program approved by the probation officer, which may

20  include testing.  The Defendant is prohibited from

21  obstructing or attempting to obstruct or tamper in

22  any fashion with the collection, efficiency, and

23  accuracy of any substance abuse testing device or

24  procedure.  The Defendant may be required to pay a

25  portion of the cost of treatment and/or drug testing

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   as determined by the probation office.
 2           Second, the Defendant must refrain from
 3   the use and possession of alcohol and other forms of
 4   intoxicants.
 5           And then third, the Defendant must refrain
 6   from the use and possession of synthetic
 7   cannabinoids, commonly referred to as spice or
 8   synthetic cathinones, commonly referred to as bath
 9   salts.  These three conditions are imposed because
10   of the Defendant's extensive history of abusing
11   alcohol, prescription opiates, and marijuana.
12           I'm going to state two more conditions and
13   then I'll give the justification for those.  First,
14   the Defendant must not possess a firearm,
15   ammunition, destructive device, or any other
16   dangerous weapon.
17           And second, the Defendant must submit to a
18   search of the Defendant's person, property, or
19   automobile under the Defendant's control, to be
20   conducted in a reasonable manner at a reasonable
21   time for the purpose of detecting firearms and
22   ammunition, alcohol, illegal substances, and other
23   contraband at the direction of the probation
24   officer.  The Defendant must inform any residents
25   that the premises may be subject to a search.
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1        These two conditions are imposed because

2   of the Defendant's status as a convicted felon, his

3   history of abusing substances, and past conduct

4   involving domestic violence.

5        Next, the Defendant must reside at and

6   complete a program at a residential reentry center

7   approved by the probation officer for a period of

8   six months.  This condition is imposed to assist the

9   Defendant in reintegrating back into society and

10  securing a suitable residence.

11       And then finally, the Defendant must not

12  have any direct or indirect contact or communication

13  with the victim or go near or enter the premises

14  where the victim resides, is employed, attends

15  school or treatment without prior approval of the

16  probation officer.  And this concern is imposed for

17  the safety of the victim.

18       Next, the Defendant must participate in

19  and successfully complete an outpatient mental

20  health treatment program approved by the probation

21  officer.  The Defendant may be required to pay a

22  portion of the cost of this treatment as determined

23  by the probation officer, and this condition is

24  imposed because of the Defendant's mental health

25  issues and because of the Defendant's prior violent

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  history and assaultive behavior towards women.

2          And then finally, the Defendant must

3  participate in and successfully complete a

4  community-based program which provides education and

5  training in parenting.  And this condition is

6  imposed because the Defendant has one child and

7  three other stepchildren whom he considers as his

8  own.  The Defendant would benefit from training and

9  parenting to help him learn patience and to prevent

10  any abusive conduct toward the children.

11          The Court finds the Mandatory Restitution

12  Act of 1996 is applicable in this case.  Restitution

13  has -- nothing has been submitted, so the Court will

14  not order restitution.

15          Based on the Defendant's lack of financial

16  resources, the Court will not impose a fine.  The

17  Court also considered alternative sanctions such as

18  community service, location monitoring, halfway

19  house.  I have imposed a halfway house, so I think

20  the total combined sanction without a fine or other

21  alternative is sufficiently punitive.

22          The Defendant will pay a special

23  assessment of $100 which is due immediately.

24          Let me ask both counsel if they know of

25  any reason why this sentence should not be imposed

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

23

```
1    as the Court has stated it.  Ms. Tapia-Brito?

2            MS. TAPIA-BRITO:  No, Your Honor.

3            THE COURT:  Mr. Davis?

4            MR. DAVIS:  Judge, two things I'll ask the

5    Court to address.  First off, I forgot to ask the

6    Court to make a judicial recommendation to Safford,

7    Arizona.  If the Court can make that recommendation,

8    I think it's probably the closest facility that he

9    may be eligible for.

10           THE COURT:  Ms. C de Baca, is that an

11   appropriate facility for Mr. Olguin?

12           PROBATION OFFICER:  Yes, Your Honor.

13   However, BOP will make the final determination.

14           THE COURT:  Any objection to making that

15   recommendation?

16           MS. TAPIA-BRITO:  No, Your Honor.

17           THE COURT:  All right.  I'll include that

18   recommendation.

19           Mr. Olguin, I can't tell the Bureau of

20   Prisons where to incarcerate you.  That's up to

21   them.  But they are pretty good about following our

22   recommendations for New Mexico residents over at

23   Safford, so I'm optimistic.  I can't guarantee it.

24   You understand that?

25           THE DEFENDANT:  Thank you, Your Honor.  I
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1 understand it.

2       MR. DAVIS:  Judge, the other thing was

3 with your condition; I believe it was number 8, that

4 he not have any direct or indirect contact with

5 Ms. Romero without prior approval of the probation

6 office; I think that's probably a standard condition

7 in cases such as this, and ordinarily I wouldn't

8 make any objection, but I'd ask the Court to

9 consider the fact that they do have a child

10 together.  I think there has been some communication

11 at least through family members regarding their

12 children, because he's basically raised those

13 stepchildren as his.  He's like their daddy.  So I'd

14 ask the Court to -- I'm not sure how I want to

15 explain to Mr. Olguin, but I guess at some point Ms.

16 Romero is going to have to contact probation and

17 explain to them that she still wants to have contact

18 with him.  Is that what the Court would anticipate

19 happening?

20       THE COURT:  Yeah.  I mean, I do this

21 different ways.  Sometimes I just put a flat period

22 after treatment, and just say, "We're not going to

23 leave it to probation."

24       On the other hand, I'm always available to

25 resolve any disputes.  I guess one of the things

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    that Ms. Tapia-Brito suggested was the Defendant

2    must not have any unwanted direct or indirect

3    contact or communication.  I could add that word,

4    but then that could be subject to a dispute.  So I

5    left it the way that probation recommended it, which

6    is:  Can't have any contact without prior approval

7    of the probation officer.  What are your thoughts?

8              MR. DAVIS:  Well, Judge, I would be

9    inclined to ask the Court to consider

10   Ms. Tapia-Brito's recommendation.  That would be

11   unwanted contact.  If there appears to be a problem,

12   I think that can be addressed with the probation

13   office.  Because Ms. Romero would, I guess, complain

14   at some point about the contact or the nature of the

15   contact.  I assume that the probation officer will

16   be contacting her regarding this particular

17   condition.  So she'd be made aware of the fact that

18   she's got control over the extent and nature of the

19   contact that they have, and I can assure the Court,

20   based on my meeting with her, she's a well-educated,

21   strong woman.  I didn't get any sense at all that

22   she's making these decisions anything but

23   independently of Mr. Olguin's concerns.  So any

24   sense that there may be some overreaching, I can

25   tell you that my contact with her has not shown that

SANTA FE OFFICE                                                                    MAIN OFFICE
119 East Marcy, Suite 110                                                     201 Third NW, Suite 1630
Santa Fe, NM 87501                                                           Albuquerque, NM 87102
(505) 989-4949                                                                          (505) 843-9494
FAX (505) 843-9492                                                               FAX (505) 843-9492
                                                                                      1-800-669-9492



BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

e-mail: info@litsupport.com

 1  whatsoever.

 2          THE COURT:  Any objection to putting that

 3  word in there, Ms. Tapia-Brito?

 4          MS. TAPIA-BRITO:  No, Your Honor.  And we

 5  have provided her with probation's information and

 6  have provided probation with the contact that we

 7  have as far as reaching her.  So I think it's

 8  sufficient.

 9          MR. DAVIS:  And other than that, I have

10  got nothing else.

11          THE COURT:  What if we did this?  Because

12  now the sentence doesn't make a whole lot of sense.

13  To go back to something I sometimes do, we just put

14  a period after "treatment."  So "without prior

15  approval" doesn't make a lot of sense if we add

16  "unwanted."  So "The Defendant must not have any

17  unwanted direct or indirect contact, communication

18  with the victim, or go near or enter the premises

19  where the victim resides, is employed, attends

20  school or treatment."  Just put a period there.

21  What do you think about that?

22          MR. DAVIS:  That's fine, Judge.

23          THE COURT:  Does that work for you?

24          MS. TAPIA-BRITO:  That's fine, Your Honor.

25          THE COURT:  Ms. C de Baca, what do you

SANTA FE OFFICE                                                    MAIN OFFICE
119 East Marcy, Suite 110                                          201 Third NW, Suite 1630
Santa Fe, NM 87501                                                 Albuquerque, NM 87102
(505) 989-4949                                                     (505) 843-9494
FAX (505) 843-9492                                                 FAX (505) 843-9492
                                                                   1-800-669-9492



```
1   think about that?  Does that work for probation?

2              PROBATION OFFICER:  Yes, Your Honor.  We

3   can go ahead -- and I just think the only other

4   alternative would be to have it worded as you had

5   mentioned, that there's no direct or indirect

6   contact and at that time if the victim decides that

7   she does want to have contact with Mr. Olguin, the

8   probation officer can come to the court and modify

9   that condition, if that's what you want to do, as

10  well.

11             THE COURT:  I'm not sure I'm improving the

12  structure of this sentence, because "must not have

13  any unwanted direct or indirect contact,

14  communication."  Maybe I should leave -- how about

15  after -- I put a comma after "treatment," "without

16  the victim's consent."  I think that way, the

17  sentence makes sense.  And then I'm available if

18  that doesn't work or probation can't sort that out

19  between the couple, then we can come back and relook

20  at that.  Does that work for you, Mr. Davis?

21             MR. DAVIS:  Yes Your Honor.

22             THE COURT:  Ms. Tapia-Brito?

23             MS. TAPIA-BRITO:  Yes, Your Honor.

24             THE COURT:  So you got that change?

25             PROBATION OFFICER:  Yes, Your Honor.
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

28

```
 1            THE COURT:  We'll put "unwanted," take out
 2   "without prior approval of the probation officer,"
 3   but after "treatment" put a comma "without the
 4   victim's consent."  Anything else, Mr. Davis?
 5            MR. DAVIS:  No, Judge.
 6            THE COURT:  All right.  It is ordered the
 7   sentence is imposed as the Court has stated it.
 8            Mr. Olguin, you can appeal your conviction
 9   if you believe that your guilty plea was somehow
10   unlawful or involuntary, if there's some other
11   fundamental defect in the proceedings that was not
12   waived by your guilty plea.
13            You also have a statutory right to appeal
14   your sentence under certain circumstances,
15   particularly if you think the sentence is contrary
16   to law.  However, a defendant may waive those rights
17   as part of the plea agreement, and you have entered
18   into a plea agreement which waives some or all of
19   your rights to appeal the conviction, and any
20   sentence imposed in conformity with the Rule
21   11(C)(1)(c) agreement, which this one was, so you
22   have effectively waived your right to appeal the
23   sentence itself.  Such waivers are generally
24   enforceable, but if you believe for any reason that
25   your waiver is unenforceable, you can present that
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    theory to the appellate court.

2              You have the right to apply for leave to

3    appeal in forma pauperis.  What that means, the

4    clerk of the court will prepare and file a notice of

5    appeal upon your request, if you're unable to pay

6    the cost of an appeal.  With very few exceptions,

7    any notice of appeal must be filed within 14 days of

8    the entry of judgment.

9              Mr. Olguin, understanding that pursuant to

10   the plea agreement you have waived the right to

11   appeal the conviction, and any sentence that was

12   imposed in conformity with the Rule 11(C)(1)(c) plea

13   agreement, which this one was, you have effectively

14   waived the right to appeal the final sentence

15   imposed by this court under 18 U.S.C. section

16   3742(a).  Do you understand generally your rights to

17   appeal?

18              THE DEFENDANT:  Yes, I do, Your Honor.

19              THE COURT:  All right.  Counsel, you have

20   copies of the presentence report and the addendum.

21   Anything further on this matter?  You need to

22   dismiss the indictment?

23              MS. TAPIA-BRITO:  Yes, Your Honor, and I

24   will submit the forms for that.

25              THE COURT:  I assume there's no objection



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

```
 1   to that, Mr. Davis?
 2            MS. TAPIA-BRITO:  I need to dismiss Count
 3   2.
 4            THE COURT:  Just Count 2?
 5            MS. TAPIA-BRITO:  Yes, sir.
 6            MR. DAVIS:  No objection, Judge.
 7            THE COURT:  Anything else,
 8   Ms. Tapia-Brito?
 9            MS. TAPIA-BRITO:  No, Your Honor.
10            THE COURT:  Mr. Davis?
11            MR. DAVIS:  No, Your Honor.
12            THE COURT:  Counsel, I appreciate your
13   assistance on this matter.
14            Mr. Olguin, you know, you got a lot of
15   things to work on.  I really encourage you, as I
16   look through your criminal history, and it did seem
17   to me that this alcohol was the primary problem.  I
18   mean, the reason you're going to prison is because
19   of hitting your domestic partner.  That's the reason
20   you're going to prison, but the real underlying
21   problem here is this alcohol.  I think you're really
22   going to have to take some stock of yourself over
23   the next six years as to whether you're a person
24   that really can drink at all.
25            THE DEFENDANT:  I agree, Your Honor.
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1        THE COURT:  Because some guys, they drink
2   and they go over in a corner and they're quiet for
3   the rest of the evening.  And some people get
4   cranked up and do what you do.  And so I think
5   you're going to have to probably make an assessment
6   that you're going to have to get it out of your
7   life, and that's going to be hard to do.  It's
8   easier for everybody to tell you to do it.  It's
9   another thing to do it.  But anyway, over the next
10  six years, you're going to have to be without it,
11  and I hope that you'll sort of make a resolution
12  that you're going to get it out of your -- just out
13  of your life, or otherwise I'm afraid this could be
14  a revolving door, and your criminal history is
15  pretty high.  You know, in three years you're going
16  to be back out in the public, and you're going to be
17  under my supervised release, and you know, if you
18  stumble or fall or don't do what probation says,
19  you'll be right back in front of me.  And I sit here
20  day after day and have a lot of men kind of
21  revolving in and out.  I don't think that's where
22  you want to be.
23        So really work on that.  And when you do
24  get out, make sure you do exactly what probation
25  says, so you don't end up being back in front of me

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1    and undoing all the hard work everybody did to put a

2    sentence together today that works.  Good luck to

3    you, Mr. Olguin.

4              THE DEFENDANT:  Thank you, Your Honor.

5              THE COURT:  Good luck to your family, as

6    well.

7              MR. DAVIS:  Thank you, Judge.

8              Also thank you, Ms. Tapia-Brito.

9              MS. TAPIA-BRITO:  Thank you, Your Honor.

10             THE COURT:  Thank you.

11               (Court was in recess.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SANTA FE OFFICE                                                    MAIN OFFICE
119 East Marcy, Suite 110                                201 Third NW, Suite 1630
Santa Fe, NM 87501                                        Albuquerque, NM 87102
(505) 989-4949                                                      (505) 843-9494
FAX (505) 843-9492                                        FAX (505) 843-9492
                                                                  1-800-669-9492
                                                            e-mail: info@litsupport.com



PROFESSIONAL COURT
REPORTING SERVICE

1   UNITED STATES OF AMERICA

2   STATE OF NEW MEXICO

3

4              REPORTER'S CERTIFICATE

5       I, Mary Abernathy Seal, RDR, CRR, CCR, do

6   hereby certify that the foregoing pages constitute a

7   true transcript of proceedings had before the said

8   Court held in the City of Albuquerque, New Mexico,

9   in the matter therein stated.

10      In testimony whereof, I have hereunto set my

11  hand on this 18th day of January, 2018.

12

13   _____ Mary A. Seal _____

14   Mary Abernathy Seal, RDR, CRR, CCR
     BEAN & ASSOCIATES, INC.
15   NM Certified Court Reporter #69
     License expires:  12/31/18

16

17

18   Date taken:  August 12, 2016

19

20

21

22

23

24

25

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492




BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1680
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

# MICHAEL V. DAVIS
## ATTORNEY & COUNSELOR AT LAW, P.C.

January 11, 2018

Honorable James O. Browning
United States District Court Judge
Pete V. Domenici U.S. Courthouse
333 Lomas Boulevard, N.W., Suite 640
Albuquerque, New Mexico 87102

**Re:**   ***United States of America v. Daniel V. Olguin***
       **U.S.D.C. No. 1:16-CR-00462 JB**

Dear Judge Browning:

This is to advise you that I am in receipt of the letter prepared by my former client, Daniel Olguin, and filed in the above referenced cause on November 2, 2017. (Attached hereto)  Since he wrote this letter, Mr. Olguin has contacted my office on two occasions and I have spoken with him both times.

In my most recent conversation with him last week, I explained to him that I had received my file from closed files, reviewed it carefully, and determined that his sentence was consistent with what we had argued at sentencing and that he simply had a misunderstanding about the concurrent versus consecutive issue regarding his state and federal sentences.

Nonetheless, he continues to persist that my memory of the events is mistaken and that the Court clearly imposed a federal sentence concurrent with his state case. None of my notes in my file, nor my current recollection demonstrate that he is correct in his position.  Nonetheless, in abundance of caution, I will contact Ms. Bean to get a copy of the sentencing transcript in this matter so I can make sure that Mr. Olguin's issue was properly raised.  If the Court wishes me to do something else in this matter, please do not hesitate to contact me.

Sincerely,

Michael V. Davis

MVD/sav

RECEIVED 1/19/18

Telephone:
(505) 242-5979

Mailing Address: Post Office Box 3748, Corrales, New Mexico 87048
Street Address: 3949 Corrales Road, Corrales, New Mexico 87048

Facsimile:
(505) 899-3103

TO. Honorable Judge-James O. Browning

Dear your Honor,

I Daniel V. Olguin am Writing in regaurds to case #
16-CR-00462 in Which I was Sentenced by yourself.
Sentence 37 months in Which 22 months have been Served,
however the Judgement and commitment in my Possesion
does not state that this case is to be run Concurrent
With my state case, Which you granted on the day of
Sentencing. I am requesting a copy of my Judgement
and Commitement that clearly states so, in order to
be credited my time of incarceration, or an amended
Version for B.O.P files to receive credit. I have since
Served the full term of my State Sentence and paroled
back into federal Custody in which I have received
0 days-months credit time served, also B.O.P has not
Credited me any time served from being in federal
holding CCA, my Computation Sheet states 1 month 8 days
total credit time served. So your Honor as you can see
there has been enormous error in calculation of time, so
With this being Said I am requesting the said documentation.
Please mail to Address below Where I am currently incarcerated.

                                                    Thank you

                                            Sincerely. Daniel Olguin

United States Penitentiary Tucson          Inmate # 85904051
Post office Box 24550
Tucson, Arizona 85734          11/5/17          RECEIVED 11/2/17

Inmate Name: [illegible]
Register Number: #85904-051

United States Penitentiary Tucson
Post Office Box 24550
Tucson, Arizona 85734

Legal Mail

❖85904-051❖
Honorable Judge
James O Browning
333 Lomas BLVD NW     STE. 180
Albuquerque, NM 87102
United States

8710262273 C023

RECEIVED 11/2/17
11/5/17

MICHAEL V. DAVIS
ATTORNEY & COUNSELOR AT LAW, P.C.
Post Office Box 3748
Corrales, New Mexico 87048

ALBUQUERQUE NM 870

11 JAN 2018 PM 2 L

RECEIVED 1/19/18

Honorable James O. Browning
United States District Court Judge
Pete V. Domenici U.S. District Courthouse
333 Lomas Boulevard, N.W., Suite 170
Albuquerque, New Mexico 87102

87102-220445